IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No.  4:16-CR-00158 |
| | ) | |
| v. | ) | GOVERNMENT'S SENTENCING |
| | ) | MEMORANDUM |
| CLARK WESLEY BETTS, JR., | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the United States by its undersigned counsel, and provides the following memorandum for the sentencing in this matter.

## TABLE OF CONTENTS

I. Background & Sentencing Issues ...............................................................................1

II. Obstruction of Justice ...............................................................................................2

III. Acceptance of Responsibility ..................................................................................4

IV. Pattern of Activity Involving Prohibited Sexual Conduct .......................................6

V. 2014 Conviction for Possession of Drug Paraphernalia ...........................................9

VI. Restitution ...............................................................................................................10

VII. Appropriate Sentence in this Case ........................................................................11

VIII. Conclusion ............................................................................................................15

## I. Background & Sentencing Issues

The Defendant was charged with sex trafficking of a person under the age of 18, in violation of 18 U.S.C. §§ 1591(a)(1), 1591(b)(2), and Title 18 U.S.C. § 2 (Count One), sex trafficking of a person under the age of 14, in violation of 18 U.S.C. §§ 1591(a)(1), 1591(b)(1),

1

and Title 18 U.S.C. § 2 (Count Two), and three counts for distribution of a controlled substance to a person under the age of 21, in violation of Title 21 U.S.C. §§ 841(a)(1), 859. (Docket No. 48 (Superseding Indictment)). On June 8, 2017, following a three-day jury trial, the Defendant was convicted on all charges. (Docket No. 121 (Jury Verdict)).

Sentencing is scheduled for November 17, 2017. The issues left to be resolved[1]are: application of the two-level enhancement for obstruction of justice under United States Sentencing Guidelines (USSG) §3C1.1; the denial of the three-level reduction for acceptance of responsibility under USSG §3E1.1; the application of the five-level increase for engaging in a pattern of activity involving prohibited sexual conduct under USSG §4B1.5(b)(1); the assignment of one criminal history point for the Defendant's 2014 conviction for possession of drug paraphernalia; and the appropriate sentence for the Defendant.

## II. Obstruction of Justice

Under USSG §3C1.1:

> If (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense, increase the offense level by 2 levels.

USSG §3C1.1. "This adjustment applies if the defendant's obstructive conduct (A) occurred with

---

[1] In his objections to the presentence report (PSR), the Defendant contested many facts that were established by witness testimony at trial. Overall, the government relies on the trial transcript for the establishment of those facts. However, with respect to the Defendant's objections to paragraphs 10 (specifically Defendant's claim that he did not throw Deborah Sandoval against the wall), 63, 64, 65, 66, 67, 71, and 72, the government submits sealed exhibit #1 to establish those facts, as there was no witness testimony about those facts at trial.

respect to the investigation, prosecution, or sentencing of the defendant's instant offense of conviction, and (B) related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) an otherwise closely related case, such as that of a co-defendant."  USSG §3C1.1 comment. (n.1). Examples of covered conduct include: "threatening, intimidating, or otherwise unlawfully influencing a co-defendant, witness, or juror, directly or indirectly, or attempting to do so" and "committing, suborning, or attempting to suborn perjury."  USSG §3C1.1 comment. (n.4(A), (B)).  The government must prove the relevant conduct by a preponderance of evidence in order for the enhancement to apply.  *United States v. Wisecarver*, 644 F.3d 764, 773 (8th Cir. 2011).

In his PSR objections, the Defendant admits that he made the jail phone calls to minor victim #1 as set forth in paragraphs 78(a)-(c), 79, 80. (Docket No. 135 (PSR Objections)). However, the Defendant alleges that he was not attempting to influence the minor victim's testimony during his phone conversations with that minor victim, he was simply asking the minor victim to tell the truth. *Id.*

During the Defendant's jail phone calls with the victim on October 3, 4, and 10, 2016, the Defendant urged minor victim #1 to lie, and he used his relationship with her, and the affectionate bonds between them, to unduly influence her. The Defendant repeatedly told minor victim #1 to "fight for me" (PSR ¶ 78(a)), to not let the Defendant take the blame for something (PSR ¶ 78(b)), and to stand in his defense (PSR ¶ 78(c)). The Defendant told minor victim #1 "I need you, baby. I love you. Do what you can to save me. You're my hero" (PSR ¶ 78(b)) and "The only thing that matters is our love and that we stand together" (PSR ¶ 78(c)). At trial, minor

3

victim #1 testified that, during those phone calls, the Defendant was telling her to lie. (Trial Tr. 328-29.) She also testified that she initially followed the Defendant's instructions and lied at the beginning of one interview, and thereafter told the truth. (Trial Tr. 327-30.) Minor victim #1 testified that she initially lied because she was afraid the Defendant was going to find out what she had said. (Trial Tr. 328.)

Based on the Defendant's words during the phone calls and minor victim #1's trial testimony, the Defendant clearly unlawfully influenced a witness, and attempted to suborn perjury. USSG §3C1.1 comment. (n.4(A), (B)). The Defendant not only attempted to obstruct justice, but initially was successful, in that his efforts caused minor victim #1 to lie. As such, the Defendant should receive a two-level increase for obstruction of justice.

### III.  Acceptance of Responsibility

Under USSG §3E1.1, if a defendant "clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels."

> The adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilty, is convicted, and only then admits guilt and expresses remorse. Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate and acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (*e.g.* to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct). In each such instance, however, a determination that a defendant has accepted responsibility will be base primarily upon pretrial statements and conduct.

USSG §3E1.1, comment. (n.2). Under USSG §3E1.1(a), the burden is on a defendant to show

4

that he "clearly demonstrate[d]" acceptance of responsibility. *United States v. Spurlock*, 495 F.3d 1011, 1014 (8th Cir. 2007) (citation omitted).

At no point in these proceedings, pretrial or otherwise, has the Defendant admitted any of the criminal conduct he was charged with, and convicted of, committing. To the contrary, the Defendant forced the government to call as witnesses three minor victims who provided graphic, personal testimony to establish the facts of Defendant's criminal conduct. Even after a jury convicted him on all counts, the Defendant continues at this very moment to deny in his PSR objections that he committed the criminal conduct. There has been no admission of guilt nor any expression of remorse. There is nothing in the record that could possibly be construed as acceptance of responsibility by the Defendant. Thus, the Defendant has failed to meet its burden to show he "clearly demonstrated" acceptance of responsibility.

Moreover, Defendant did not go to trial in this case in order "to assert and preserve issues that do not relate to factual guilt." USSG §3E1.1, comment. (n.2). His defense throughout the trial was that he was "totally innocent of these charges." (Trial Tr. at 35.) Accordingly, this case in far from one of the "rare situations a defendant may clearly demonstrate and acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial."

Lastly, the Defendant asserts that, by not applying a two-level reduction for responsibility, the Court is punishing him for exercising his Constitutional right to a jury trial. The Court of Appeals for the Eighth Circuit has repeatedly rejected this argument. *See United States v. Cruz-Zuniga*, 571 F.3d 721, 727 (8th Cir. 2009) (citing *United States v. Smith*, 40 F.3d

933, 935 (8th Cir. 1994)). To the contrary, the Court has recognized that "[i]t is generally permissible to grant leniency to defendants who plead guilty, and to withhold leniency from defendants who go to trial." *Id.* (citing *Corbitt v. New Jersey*, 439 U.S. 212, 223 (1978)). As such, the two-level reduction should not be applied.

### IV.  Pattern of Activity Involving Prohibited Sexual Conduct

Under USSG §4B1.5(b)(1), five offense levels shall be added to the offense level already determined under Chapters Two and Three if a defendant is convicted of a covered sex crime[2], is not a career offender under USSG §4B1.1, and engaged in a pattern of activity involving prohibited sexual conduct.

### A.    "Prohibited Sexual Conduct"

"Prohibited sexual conduct" is any offense described in Title 18 U.S.C. § 2426(b)(1)(A) or (B). USSG §4B1.1 comment. (n.4(A)). Title 18 U.S.C. § 2426(b)(1)(B) refers to conduct prohibited by state law that would have been an offense under, *inter alia*, Title 18 U.S.C. § 109A if the conduct had occurred within the special maritime or territorial jurisdiction of the United States. Pursuant to Title 18 U.S.C. 2243(a)[3], a person is guilty of sexual abuse of a minor when that person, within special maritime or territorial jurisdiction of the United States, "knowingly engages in a sexual act with another person who (1) has attained the age of 12 years but has not attained the age of 16 years; and (2) is at least four years younger than the person so engaging; or attempts to do so[.]" Pursuant to Title 18 U.S.C. § 2246(2), the term "sexual act" is defined as:

> (A)   contact between the penis and the vulva or the penis and the anus, and for

---

[2] A conviction under Title 18 U.S.C. 1591 is a "covered sex crime." USSG §4B1.1 comment. (n.2( A)(iv)).
[3] Title 18 U.S.C. 2243(a) is within 18 U.S.C. Code Chapter 109A.

purposes of this subparagraph contact involving the penis occurs upon penetration, however slight;

(B)   contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;

(C)   the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or

(D)   the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person[.]

18 U.S.C. § 2246(2)

Under Iowa law, sexual abuse is defined as "[a]ny sex act between persons is sexual abuse by either of the persons when the act is performed with the other person . . ." and "[s]uch other person is a child." I.C.A. § 709.1(3). "Sex act" is defined as "any sexual contact between two or more persons by any of the following:

1.  Penetration of the penis into the vagina or anus.

2.  Contact between the mouth and genitalia or by contact between the genitalia of on person and the genitalia or anus of another person.

3.  Contact between the finger or hand of one person and the genitalia or anus of another person, except in the course of examination or treatment by a [licensed person].

4.  Ejaculation onto the person of another.

5.  By use of artificial sex organ or substitute therefor in contact with the genitalia or anus.

I.C.A. § 712.17. Pursuant to I.C.A. § 709.4(1)(b), a person commits third-degree sexual abuse when the person performs a sex act, the act is between two persons who are not at the time

cohabitating as husband and wife and "(2) [t]he other person is twelve or thirteen years of age";

or:

> (3)  The other person is fourteen or fifteen years of age and any of the following are true:
>
>> (a)  The person is a member of the same household  as the other person;
>>
>> (b)  The person is related to the other person by blood or affinity to the fourth degree;
>>
>> (c)  The person is in a position of authority over the other person and uses that authority to coerce the other person to submit.

I.C.A. § 709.4(1)

## B.     "Pattern of Activity"

"[T]he defendant engaged in a pattern of activity involving prohibited sexual conduct if on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor." USSG §4B1.1 comment. (n.4(B)(i)). To qualify as an "occasion" of prohibited sexual conduct under USSG §4B1.5(b)(1), the "occasion" need not to have occurred during the course of the instant offense and need not to have resulted in a conviction. USSG §4B1.1 comment. (n.4(B)(ii)); *see also United States v. Rojas*, 520 F.3d 876, 883 (8th Cir. 2008) ("We now hold that subsection (b) may apply where there is no prior sex offense conviction and the only 'pattern of . . . conduct" is conduct involved in the present offense of conviction.").

## C.     Analysis

The trial testimony of the minor victims unequivocally establishes that the Defendant "engaged in a pattern of activity involving prohibited sexual conduct" with both minor victim #1

and minor victim #2. Without question, the Defendant engaging in vaginal sex with minor

victims #1 and #2 constitutes conduct prohibited by state law that would have been an offense

under, *inter alia*, Title 18 U.S.C. § 109, as required by USSG §4B1.1. Minor victim #2, who was

age 12 at the time the Defendant abused her, testified that the Defendant first had vaginal sex

with her at a house about 30 minutes away. (Trial Tr. 85.) She testified that the Defendant also

had sex with her in his trailer, his truck, and his house. (Trial Tr. 87-88, 90.) Minor victim #1,

who was age 15 at the time the Defendant abused her, testified that the Defendant had vaginal

sex with her more frequently than once every four days, and that he had sex with her in her

bedroom, in the living room, the basement, his trailer, his truck, and in a house that he had been

working on. (Trial Tr. 284-287, 314.) Minor victim #2 testified that she witnessed the Defendant

having sex with minor victim #1, and minor victim #1 testified that she witnessed the Defendant

having sex with minor victim #2. (Trial Tr. 85, 90, 317.)  The testimony of minor victims #1 and

#2 clearly demonstrates that the Defendant "engaged in a pattern of activity involving prohibited

sexual conduct." *See United States v. Sharpfish*, 408 F.3d 507, 511 (8th Cir. 2005) (affirming

application of enhancement based on district court's recitation of evidence that defendant had

often and repeatedly abused one victim, and abused a second victim on at least one occasion). As

such, application of the five-level enhancement is required in this case.

### V.  2014 Conviction for Possession of Drug Paraphernalia

The Defendant asserts that he should not be attributed one criminal history point for his

2004 Polk County conviction for possession of drug paraphernalia in paragraph 126 of the PSR

because "[t]here is no indication the Defendant was represented by counsel." (Docket No. 135

(Defendant's PSR Objections)). Paragraph 126 of the PSR states that "[a]ttorney representation is unknown." (PSR ¶126.) It is undisputed that the Defendant pleaded guilty to possession of drug paraphernalia on May 14, 2014 and was fined $65 for that conviction. (PSR ¶126.)

The Defendant's argument is without merit. First, the Defendant failed to establish that the 2004 conviction was uncounseled. *See United States v. Charles,* 389 F.3d 797, 799-800 (8th Cir. 2004) (citations omitted) ("[O]nce the government carries its initial burden of proving the fact of conviction, it is the defendant's burden to show his prior convictions were not constitutionally valid."). Second, even if the Defendant had satisfied that burden, the Supreme Court has held that an uncounseled misdemeanor conviction for which no prison time was imposed is valid, and that such a conviction can be used to enhance a sentence for a subsequent offense. *United States v. Nichols*, 511 U.S. 738, 746-47 (1994). Accordingly, the Defendant was properly assessed one criminal history point for his 2014 conviction for possession of drug paraphernalia.

## VI. Restitution

For Counts One and Two, restitution for minor victims #1 and #2 is mandatory pursuant to Title 18 U.S.C. 3663A. The Court is required to make a reasonable estimate of future treatment costs, not establish the victim's future treatment costs with certainty. *See United States v. Palmer*, 643 F.3d 1060, 1067-68 (8th Cir. 2011) (citation omitted). The government has received preliminary information from providers regarding the future treatment needs of minor victims #1 and #2, and is in the process of following up to obtain more specific information. The government intends to provide that information to the Court, the Defendant, and the U.S.

Probation Office in advance of sentencing. However, it may become necessary for the Court to

set a date for the final determination of the minor victims' losses pursuant to Title 18 U.S.C.

3664(d)(5).

## VII.  Appropriate Sentence

The Guideline calculations for the Defendant are as follows:

| *Group One* | *Group Two* | *Group Three* |
|---|---|---|
| Sex Trafficking of a Child Minor Victim #1 | Sex Trafficking of a Child Minor Victim #2 | Distribution of Cocaine Base to a Person Under Age 21 |
| Base Offense Level:  30 | Base Offense Level:  34 | Base Offense Level:  26 |
| §2G1.3(b)(1)(A):      +2 | §2G1.3(b)(1)(A):      +2 | §3A1.1(b)(1):      +2 |
| §2G1.3(b)(2)(B):      +2 | §2G1.3(b)(2)(B):      +2 | §3C1.1:            +2 |
| §2G1.3(b)(4)(A):      +2 | §2G1.3(b)(4)(A):      +2 | Subtotal:          30 |
| §3C1.1:              +2 | §3A1.1(b)(1):        +2 | |
| Subtotal:            40 | Subtotal:            42 | |

### *Multiple Count Adjustments*

| Group# | Adjusted Offense Level | Unit |
|---|---|---|
| 1 | 40 | 1.0 |
| 2 | 42 | 1.0 |
| 3 | 30 | 0 |

Total Number of Units:                          2.0

### *Determination of Overall Base Offense Level*

| | |
|---|---|
| Greater of the Adjusted Offense Levels Above: | 42 |
| Increase in Offense Level: | +2 |
| §4B1.5(b)(1) | +5 |
| Total Offense Level | 49 |
| Chapter 5, Part A (comment n. 2) Cap | 43 |

### *Advisory Guideline Range*
Total Offense Level 43; Criminal History Category IV = Range of Life Imprisonment

The appropriate sentence to be imposed by the Court should be "sufficient but not greater

than necessary" to meet relevant sentencing objectives, which include:

1. the nature and circumstances of the offense and history and characteristics of the defendant;
2. the need for the sentence to imposed -
    A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    B. to afford adequate deterrence to criminal conduct;
    C. to protect the public from further crimes of the defendant; and
    D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3. the kinds of sentences available;
4. the guideline sentencing range;
5. any pertinent policy statement;
6. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
7. the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. § 3553(a).

Life imprisonment is the only sufficient sentence for the Defendant in this case. A life sentence serves all of the sentencing objectives set forth in Section 3553(a). The record is devoid of any reason for the Court to vary below the guideline range.

The nature and circumstances of this offense require life imprisonment. The Defendant's conduct was systematic and calculated. First, the Defendant, himself a crack cocaine addict, provided minor victim #1 with crack cocaine and got her addicted to it. Then the Defendant used minor victim #1's addiction to manipulate her into having sex with him repeatedly. In order for minor victim #1 to get crack cocaine from the Defendant, she had to have sex with him. The Defendant isolated her, made her feel special, and claimed to love her. The Defendant then used minor victim #1 to help him entice minor victim #2 into using crack cocaine. Once minor victim #2 was addicted, he also took advantage of her addiction by requiring her to have sex with him in

order to get crack cocaine. As with minor victim #1, the Defendant snowed minor victim #2 with professions of love, and minor victim #2 reciprocated those feelings. Even at the time of trial, minor victim #2 continued to state she loved the Defendant.

Once both minor victims #1 and #2 were addicted and having sex with the Defendant in exchange for crack cocaine, he brought them to his crack house. The Defendant used the minor victims' bodies to get crack cocaine from his dealer. First, he directed minor victims #1 and #2 to perform a sex dance for dealer. Ultimately, the Defendant directed each minor victim to perform sex acts on the dealer in exchange for the Defendant and the minor victims receiving crack cocaine. The Defendant continued to accumulate additional victims. He used minor victim #1 to recruit her friend, minor victim #3, to smoke crack cocaine with him. With minor victim #3, the Defendant again began his cycle of addiction and sex. Luckily, the cycle was thwarted by the arrest of the Defendant.

The Defendant has shown himself to be a predator who cannot safely live in the community. At the time of the instant offense described above, the Defendant was on state probation. (PSR ¶127.) His criminal history demonstrates an escalation of violence as well as a history of providing minors with intoxicants. In 2013, the Defendant was convicted of domestic abuse assault – injury or mental illness. (PSR ¶125.) The Defendant initially received a deferred judgment. However, the deferred judgment was revoked and the Defendant was sentenced to a suspended prison sentence and probation. (PSR ¶125.) Thereafter, the Defendant again violated probation. (PSR ¶125.) In 2015, the Defendant was convicted of possession of a firearm by a domestic abuse offender and two counts of supplying alcohol to a person under the legal age. (PSR

¶127.) The Defendant initially received a total suspended prison sentence of five years. However, the Defendant violated his probation in April 2016 and received a sentence of 30 days' imprisonment, and then the Defendant's probation was revoked in May 2016. (PSR ¶127.)

The danger the Defendant presents to the community cannot be overstated.  A life sentence is necessary to protect the public from further crimes of the defendant. Through his conduct, the Defendant inflicted an incalculable amount of harm on the minor victims in this case. Accordingly, a life sentence is imperative in order to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.

## VIII.  Conclusion.

WHEREFORE, the government respectfully requests the Court impose a sentence life imprisonment.

Respectfully Submitted,

Marc Krickbaum
United States Attorney

By:     */s/ Amy Jennings*
_____
Amy Jennings
Virginia Bruner
Assistant United States Attorneys
U.S. Courthouse Annex, 2nd Floor
110 E. Court Avenue
Des Moines, Iowa 50309
Tel: (515) 473-9300
Fax: (515) 473-9292
Email:amy.jennings2@usdoj.gov
        virginia.bruner@usdoj.gov

**CERTIFICATE OF SERVICE**
I hereby certify that on November 8, 2017, I electronically filed the foregoing with the Clerk of Court using the CM ECF system.  I hereby certify that a copy of this document was served on the attorneys of record and U.S. Probation by:

___ U.S. Mail  ____ Fax  _____ Hand Delivery  _X_ ECF/Electronic filing  __ Email

UNITED STATES ATTORNEY

By: _*/s/  Amy Jennings*_____
    Amy Jennings